UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                            Case No. 6:14-cr-175-Orl-37DAB

**MATTHEW C. GRAZIOTTI,**

    **Defendant.**
_____ /

**MATTHEW GRAZIOTTI'S SENTENCING MEMORANDUM**

Matthew Graziotti, by and through his undersigned attorney, respectfully submits this Sentencing Memorandum and letters of support in support of his request for a reasonable sentence. A Presentence Report ("PSR") has been prepared for the Court's consideration in determining Mr. Graziotti's sentence. The advisory guidelines in this case are extremely severe despite the fact that Mr. Graziotti pled guilty and accepted responsibility for his actions.

As set forth herein, Mr. Graziotti respectfully submits that his guidelines are high and unreasonable, and that a review of the enumerated factors in 18 U.S.C. § 3553(a) suggest that a downward variance is appropriate. The PSR finds that Mr. Graziotti's advisory guideline is 250 years, which is extremely severe. Mr. Graziotti faces a mandatory minimum sentence of 15 years. Mr. Graziotti is 43 years old. He has fully accepted responsibility for the conduct that resulted in his convictions. He is remorseful and ashamed. Mr. Graziotti's apology to the families and children he harmed is sincere. He wants to receive treatment and counseling. A 15-30 year sentence and a lifetime of intensive sex offender supervised release would allow Mr.

Graziotti the hope of some freedom in his later years of life.

## I. CURRENT FEDERAL SENTENCING LAW

Because the Sentencing Guidelines are now advisory, and a guidelines range may not even be presumed to be reasonable, the Court must examine each case under the directives of 18 U.S.C. § 3553(a) to impose "a sentence sufficient, but not greater than necessary" to meet the objectives of sentencing. 18 U.S.C. § 3553(a); *see also United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 552 U.S. 85 (2007). Relevant to this case, § 3553(a) directs the Court to consider (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the need to impose a sentence that: reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense, affords adequate deterrence, and protects the public from further crimes of the defendant; and (3) the need to avoid unwarranted disparity among defendants who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(1-2,6).

## II. THE ADVISORY GUIDELINES

The PSR prepared in this case suggests that the advisory sentencing guideline in this case is 250 years. Mr. Graziotti pled guilty to seven counts of production of child pornography, one count of distribution of child pornography, and one count of possession of child pornography, without the benefit of a plea agreement. Mr. Graziotti acknowledges that the PSR's guidelines are correctly calculated. However, Mr. Graziotti has zero criminal history points and as a result he is in criminal history category I. A review of the enumerated factors in 18 U.S.C. § 3553(a) suggest that a variance is appropriate.

This memorandum seeks to streamline those issues which are arguably important in a determination of a fair and reasonable sentence. In no way does it seek to excuse Mr. Graziotti's terrible conduct in this case. It simply seeks to provide this Court with additional insight as to Matthew Graziotti's life, individual development, and his need for rehabilitation; all important issues for the Court's determination.

### III. MR. GRAZIOTTI'S PERSONAL CHARACTERISTICS

In this case, Mr. Graziotti has accepted responsibility for his actions leading to the instant charges, and he exhibits tremendous remorse and anguish over his conduct. He understands that this Court must punish him for his crimes; yet, he hopes that the Court will consider his entire life and not just these charges in assessing an appropriate sentence.

The underlying facts of this case are disturbing. That is undisputed. But the Court must also consider Mr. Graziotti's personal characteristics in determining the proper punishment. No defendant is the same, nor is the journey that brings him before the Court on such serious charges. The Court must decide whether to sentence Mr. Graziotti to a life sentence, or a harsh sentence that would provide some hope for freedom after many years of imprisonment.

Who is Mr. Graziotti? He is 43 years old and has no criminal history background. He grew up with his five brothers and sisters in Michigan. Mr. Graziotti's father was verbally and emotionally abusive. His parents eventually divorced, and Mr. Graziotti and his siblings cared for each other. His brothers and sisters have provided letters for the Court's consideration, and,

despite their brother's offenses, they remain loving and supportive.[1]

When Mr. Graziotti was 16 years old, he and his father had a physical altercation, and Mr. Graziotti moved to Georgia to live with his brother Jon. Mr. Graziotti graduated from high school in Georgia. He attended and graduated from college with a Bachelors of Arts degree. At the time of his arrest, Mr. Graziotti had begun pursuing a Master's Degree. He and his father eventually reconciled and put their differences behind them. Mr. Graziotti cared for his father for one year before his death.

Mr. Graziotti met his wife while attending college. They married in 1999, and divorced in 2005. They have a son who is 11 years old and lives with his mother. Before Mr. Graziotti's arrest in this case, he was actively involved in his son's upbringing.

Mr. Graziotti has maintained full time employment most of his adult life. He worked for seven years at a church, and as a school teacher from 2005 until his arrest in July 2014.

Mr. Graziotti has a mental disease. A mental illness for which it is difficult to seek and receive treatment because of the terrible stigma associated with it. Mr. Graaziotti, out of fear and shame, did not seek mental health treatment. For years he worked with children and did not inappropriately touch a child. He wants to participate in counseling and sex offender treatment. He wants to overcome his mental illness.

According to the United States Sentencing Commission, sex offenders with sexual disorders who go into sex offender treatment tend to have lower rates of recidivism:

---

[1] Letters provided by Mr. Graziotti's family and friends accompany the Final PSR.

4

> According to many experts, the typical sex offender who presents with a sexual disorder, including pedophilia, cannot be "cured" (i.e. his psychiatric disorder cannot be entirely eradicated). However, according to the Center for Sex Offender Management ("CSOM"), a project funded by the United States Department of Justice, Office of Justice Programs, some recent studies show that appropriate "treatment interventions ... are associated with lower rates of recidivism – some of them very significant." For that reason, "treatment is an essential component of a comprehensive sex offender management system."

U.S. Sentencing Commission, *Report to Congress: Federal Child Pornography Offenses* 278 (Dec. 2012) (internal footnotes omitted).

Mr. Graziotti's brother, Jon, lives in a rural area in Georgia with over six acres of land. Mr. Graziotti intends to live with his brother upon completion of his sentence. He will be significantly older, and subject to the sex offender registration and restrictions. Mr. Graziotti has skills in construction, and will work with his brother in the tile business.

Mr. Graziotti has remained incarcerated at the Seminole County Jail since his initial appearance on this case. He has never been in jail before now. He is a depressed and remorseful man. *See United States v. Qualls*, 373 F. Supp.2d 873 (E. D. Wis. 2005) ("It is appropriate for a court, when considering the type of sentence necessary to protect the public and deter future misconduct, to note the length of any previous sentences imposed. **Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration**. . . .") (emphasis supplied).

5

### IV. A SENTENCE BELOW THE GUIDELINE IS REASONABLE

Mr. Graziotti understands that he faces a substantial sentence in this case. However, he submits that a sentence of 250 years is not reasonable. He respectfully requests the Court to take into account other cases in the Eleventh Circuit that produced much lower sentences than 250 years. *Compare United States v. Irey*, 612 F. 3d 1160 (11th Cir. 2010) (remanding case and stating that nothing less than a 30-year sentence is reasonable for man who committed rape, sodomy, and sexual torture of at least fifty children over a four or five-year period and production of and distribution of one of the worse series of child pornography on the internet); *United States v. Hodnett,* 210 Fed .App'x. 949 (11th Cir. 2006) (30-year sentence for the defendant, who fell within criminal history category I, who possessed at least 600 images of child pornography, some of which depicted prepubescent minors engaged in sexual activity, traded images of child pornography over the internet, and had in the past, engaged in the following sexual activities with minors: kidnaping and raping a 6-year-old Vietnamese girl in 1969 while serving in Vietnam; molesting and engaging in sexual intercourse with his two step-daughters in the 1970s; and engaging in oral sex with a 6-year-old girl in 2004); and *United States v. Harris*, 291 Fed. App'x. 300 (11th Cir. 2008) (30-year sentence for the defendant, who fell within criminal history category I, who filmed and photographed seven 15- and 16-year-old boys, two of whom were his godchildren, engaging in sexual acts with each other in his bedroom, shared videos and photographs depicting those occurrences with others, and on one occasion invited his friend over to watch two underage males engage in sexual activities and then filmed as his friend had sex with one of them).

## CONCLUSION

It is respectfully submitted that a variance of the guidelines in this case would be appropriate. Counsel for Mr. Graziotti realizes the severity of the charges and the possible sentencing options. However, for all of the aforementioned arguments, counsel would ask this Court to sentence Mr. Graziotti to a sentence of 15-30 years.

Respectfully submitted,

Donna Lee Elm
Federal Defender

/s/ *Angela Parrott*
Angela Parrott
Assistant Federal Defender
North Carolina Bar Number 035490
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone 407-648-6338
Facsimile 407-648-6095
E-Mail: angela_parrott@fd.org
Counsel for Matthew Graziotti

## CERTIFICATE OF SERVICE

I hereby certify that the undersigned attorney filed the foregoing *Matthew Graziotti's Sentencing Memorandum* with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to Karen L. Gable, Assistant United States Attorney, Orlando Division, this 16th day of January 2015.

                                                        /s/ *Angela Parrott*
                                                        Angela Parrott
                                                        Assistant Federal Defender