```
1                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
2                      ORLANDO DIVISION

3                 Docket No. 6:14-CR-175

4    . . . . . . . . . . . . . .
     UNITED STATES OF AMERICA    :
5                                :            Orlando, Florida
             Plaintiff           :            October 30, 2014
6                                :            8:48 a.m.
             v.                  :
7                                :
     MATTHEW C. GRAZIOTTI        :
8                                :
             Defendant           :
9    . . . . . . . . . . . . . .

10

11              TRANSCRIPT OF CHANGE OF PLEA
         BEFORE THE HONORABLE ROY B. DALTON, JR.
12             UNITED STATES DISTRICT JUDGE

13

14   APPEARANCES:

15

16   For the Plaintiff:  Karen L. Gable

17

18   For the Defendant:  Angela Parrott

19

20

21
     Court Reporter:    Amie R. First, RMR, CRR
22                      AmieFirst.CourtReporter@gmail.com

23

24   Proceedings recorded by mechanical stenography.

25   Transcript produced by Computer-Aided Transcription.
```

```
 1              P R O C E E D I N G S
 2          THE COURT:  All right.  Good morning.  We're here
 3   for United States of America versus Matthew Graziotti,
 4   change of plea.  Case Number 6:14-CR-175.
 5          Miss Gable, good morning.  Karen Gable on behalf
 6   of the United States.
 7          Do you want to introduce your case agent,
 8   Miss Gable?
 9          MS. GABLE:  Yes.  Good morning, Your Honor.  FBI
10   Special Agent Alyson Samuels on behalf of the Government,
11   the United States.
12          THE COURT:  Good morning, Agent Samuels.  Welcome.
13          And good morning, Miss Parrott.  Angela Parrott on
14   behalf of Mr. Graziotti.
15          And the Court notes Mr. Graziotti's presence.
16          Mr. Graziotti, I've received word that you wish to
17   change your previously entered plea of not guilty to a plea
18   of guilty this morning; is that correct?
19          THE DEFENDANT:  Yes, Your Honor.
20          THE COURT:  Would you stand, please, and raise
21   your right hand and be sworn?
22          (Defendant sworn.)
23          THE DEFENDANT:  Yes, I do.
24          THE COURT:  All right.  Mr. Graziotti, stay
25   standing there for a minute, if you would.  And I want to
```

1    go over a few things with you.  You've taken an oath to

2    tell the truth this morning.  It's important that you

3    understand the significance of that oath.

4            If you were to testify falsely this morning or to

5    provide information to the Court that was materially

6    misleading in any way, that can form the basis for a

7    prosecution for perjury or for making a false statement,

8    either of which is a felony.

9            Do you understand that?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  The testimony that you give this

12   morning may also be used against you in later proceedings

13   if you were to challenge the taking of the plea, the

14   judgment, the conviction, or the sentence imposed by the

15   Court.

16           Do you appreciate that as well?

17           THE DEFENDANT:  I do, sir.

18           THE COURT:  All right.  Are you a citizen of the

19   United States?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Would you tell me your full name,

22   please.

23           THE DEFENDANT:  Matthew Clark Graziotti.

24           THE COURT:  And is that your legal name?

25           THE DEFENDANT:  Yes, sir.

1          THE COURT:  Have you ever been known by any other

2    name?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  How old are you?

5          THE DEFENDANT:  Forty-three.

6          THE COURT:  What is your date of birth?

7          THE DEFENDANT:  7/15/71.

8          THE COURT:  How much schooling or education have

9    you completed?

10          THE DEFENDANT:  I have a B.A. degree.

11          THE COURT:  You can read, write, and understand

12    the English language?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Are you under the influence of any

15    drugs, alcohol, medication, or other intoxicants this

16    morning?

17          THE DEFENDANT:  No, sir.

18          THE COURT:  Are you currently in need of or

19    receiving any medical or mental health care?

20          THE DEFENDANT:  No, sir.

21          THE COURT:  Are you taking any prescription

22    medications?

23          THE DEFENDANT:  No, sir.

24          THE COURT:  To your knowledge, have you ever

25    suffered from any mental disease or emotional illness?

1            THE DEFENDANT:  No, sir.

2            THE COURT:  And are you suffering from any disease

3    or illness this morning?

4            THE DEFENDANT:  No, sir.

5            THE COURT:  Do you understand where you are, what

6    you're doing, and the importance of this proceeding?

7            THE DEFENDANT:  Yes, I do, Your Honor.

8            THE COURT:  Miss Parrott, do you have any

9    competency concerns with respect to Mr. Graziotti?

10           MS. PARROTT:  No, Your Honor.

11           THE COURT:  Miss Gable, do you wish me to make any

12   further inquiry?

13           MS. GABLE:  No, Your Honor.

14           THE COURT:  All right.  You can be seated,

15   Mr. Graziotti.

16           Mr. Graziotti, it's your right to enter a plea of

17   guilty to the charges; but before I can accept your plea,

18   it's necessary for me to make a couple of determinations.

19           First, to determine that the decision that you're

20   making to change your plea is freely, voluntarily, and

21   knowingly made and that you appreciate the consequences;

22   and, secondly, to make sure that there's a factual basis

23   for me to accept your plea.

24           In order to achieve both of those objectives, I'm

25   going to ask you some questions this morning.  If I ask you

1   anything that you don't understand or if you have a

2   question or a concern that you'd like to review with your

3   lawyer, please stop me and let me know.  And I'll give you

4   as much time as you need to talk with Miss Parrott until

5   your questions are answered or your concerns are addressed

6   to your satisfaction.

7            Understood?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  And has the Government complied with

10  the Crime Victims' Rights Act?

11           MS. GABLE:  Yes, Your Honor.

12           THE COURT:  Mr. Graziotti, you have the right to

13  plead not guilty as you have previously done and to persist

14  in that plea.  If you persist in your plea of not guilty,

15  you have the following rights under the Constitution and

16  laws of the United States.

17           You have the right to a speedy and public trial

18  and to be tried by a jury of 12, or by a judge if you were

19  to waive a jury trial.  If you're tried by a jury, all

20  12 jurors must unanimously agree upon your guilt in order

21  for you to be convicted.

22           You are presumed to be innocent.  Before you can

23  be found guilty, the burden of proof is on the United

24  States to prove your guilt by competent and sufficient

25  evidence beyond a reasonable doubt.  You do not have to

```
1    prove that you are innocent.
2              You have the right to be represented by a lawyer,
3    not only today, but at every stage of the criminal
4    proceedings.  If you cannot afford a lawyer, one will be
5    appointed for you.
6              At a trial, if there were one, the witnesses for
7    the United States would be required to come into court and
8    to testify in your presence.  You have the right to
9    confront these witnesses against you.
10             What that means is you have the right to see them
11   testify and to hear their testimony.  Your lawyer can ask
12   them questions or what we call cross-examine them.  Your
13   lawyer could object to evidence that was offered by the
14   United States, or your lawyer could offer evidence in your
15   own behalf.
16             If you had witnesses that you wish to appear at
17   your hearing or your trial who would not come voluntarily,
18   I have the authority to issue orders to require them to
19   come and attend the proceedings.
20             At a trial, you may not be compelled to testify or
21   to incriminate yourself in any way; but if you wish to
22   testify, you may do so.  The choice is entirely up to you.
23             Now, if you plead guilty, there will be no further
24   trial of any kind.  And on your plea, the Court will find
25   you guilty and convict you.
```

1          Do you understand that a plea of guilty admits the
2    truth of the charge; whereas, a plea of not guilty denies
3    the charge?
4          THE DEFENDANT:  Yes, Your Honor, I do.
5          THE COURT:  If you choose to plead guilty, you
6    must give up the right not to incriminate yourself.  The
7    reason for that is because I have to ask you questions
8    about the offenses to which you're prepared to enter your
9    plea in order to satisfy myself that there's a factual
10   basis for me to accept your plea.
11         By pleading guilty, you also waive, that is give
12   up, your right to trial, to confrontation and
13   cross-examination of Government witnesses, and to the
14   issuance of court orders that would require the attendance
15   of defense witnesses at trial.
16         In other words, if I accept your plea this
17   morning, there will be no trial.  And the next step in your
18   proceedings will be your sentencing.
19         Do you understand that?
20         THE DEFENDANT:  Yes, sir.
21         THE COURT:  Now, you may have defenses to the
22   charges; but if you plead guilty, you give up or waive any
23   defenses that you may have.
24         Have you had all the time that you need to talk
25   with your lawyer about any defenses that might be available

1    to you for the charges contained in the indictment?

2            THE DEFENDANT:  Yes, Your Honor, I have.

3            THE COURT:  By pleading guilty, you also waive,

4    that is give up, your right to challenge the way the

5    Government may have obtained any evidence, statements, or

6    confessions in your case.  You may lose also the right to

7    challenge on appeal any rulings that the Court has made in

8    your case.

9            By pleading guilty to this felony, to the extent

10   that you had them previously, you may lose certain civil

11   rights, such as the right to vote, hold public office,

12   serve on a jury, or to own and possess a firearm.  A felony

13   conviction may also prevent you from obtaining or keeping

14   certain occupational licenses.

15           Do you understand fully all the rights that you

16   have and the rights that you waive or give up by pleading

17   guilty?

18           THE DEFENDANT:  Yes, Your Honor, I do.

19           THE COURT:  Now, the federal sentencing guidelines

20   apply to your case.  Have you and Miss Parrott had an

21   opportunity to talk about the sentencing guidelines in

22   general and how they may apply to your circumstances?

23           THE DEFENDANT:  We have, yes.

24           THE COURT:  I'm not going to go into great detail

25   about the guidelines because you've talked with your lawyer

1  about them, but I want to make sure that you understand a

2  few things about the way the sentencing process works.

3          The Court won't be able to determine what your

4  guideline sentence is until after the presentence report

5  has been completed by the probation office.  Once that

6  happens and the applicable guidelines have been determined,

7  I can impose a sentence that is either higher than or lower

8  than the sentence called for by the guidelines.

9          In other words, the guidelines are something I

10 have to take into consideration, but they are not binding

11 on me.  They are advisory in nature.  I have the authority

12 in some circumstances to depart or vary and impose a more

13 severe sentence or a less severe sentence than the sentence

14 that's called for by the guidelines.

15         The important thing for you to note is that I have

16 the authority to impose any sentence up to and including

17 the maximum sentence permitted by law regardless of what

18 the guidelines call for.

19         Do you understand that?

20         THE DEFENDANT:  I do.

21         THE COURT:  Under some circumstances, if the

22 Government is unhappy with the sentence that I impose, they

23 may take an appeal.  That means they may ask a higher court

24 to impose a sentence that is more severe than the one that

25 has been imposed by me.

1          There is no parole in the federal system.  If you

2     are sentenced to prison, you will not be released on

3     parole.

4          The sentence that you ultimately receive may be

5     different than any sentence that has been estimated for you

6     by your lawyer, or anyone else for that matter.  It may be

7     more severe than you expect.  If that happens, you will

8     still be bound by your plea, and you will not have a right

9     to withdraw it.

10         Do you understand that?

11         THE DEFENDANT:  Yes, Your Honor, I do.

12         THE COURT:  Do you understand all the things I

13    just explained to you about sentencing?

14         THE DEFENDANT:  Yes, sir, I do.

15         THE COURT:  Did you receive a copy of the

16    indictment, that's the written document that sets out the

17    charges against you?

18         THE DEFENDANT:  I did, Your Honor.

19         THE COURT:  And have the charges been read to you

20    and explained to your satisfaction?

21         THE DEFENDANT:  They have, yes.

22         THE COURT:  In looking at the paperwork that's

23    been provided by the United States in their notice of

24    elements of the offense, maximum penalties, and factual

25    basis, I see that you're charged in the indictment with

1    seven counts of sexual exploitation of a minor, production

2    of child pornography, in violation of Title 18 of the

3    United States Code, Section 2251(a); one count of

4    distribution of child pornography, in violation of Title

5    18, United States Code, Section 2252A(a)(2)(A); and one

6    count of possession of child pornography, in violation of

7    Title 18 of the United States Code, Section 2252A(a)(5)(B).

8            Do you have any question about the charges?

9            THE DEFENDANT:  No, Your Honor.

10           THE COURT:  All right.  You're also charged in

11   count eight with a violation of Title 18, United States

12   Code, Section 2252A, distribution of child pornography, and

13   in count nine with possession of child pornography.

14           Have I covered all of the counts of the

15   indictment, Miss Gable?

16           MS. GABLE:  Yes, you have, Your Honor.

17           THE COURT:  All right.  Now, Mr. Graziotti, in

18   order for you to be convicted of these offenses, the

19   Government will be required to prove certain elements

20   beyond a reasonable doubt.  I'm going to list them for you

21   now.

22           In order for you to be convicted of the counts --

23   the crimes in counts one through seven, the Government

24   would be obliged to prove that you knowingly employed,

25   used, persuaded, induced, enticed, or coerced a minor to

1    engage in sexually explicit conduct, that you did so for

2    purposes of producing visual depictions of that conduct,

3    and that the visual depictions were produced using

4    materials that had been mailed, shipped, or transported in

5    interstate or foreign commerce.

6          With respect to count eight, the Government would

7    be required to prove that you knowingly distributed an item

8    of child pornography, that that item of child pornography

9    had been transported in interstate or foreign commerce by

10   -- including through the use of a computer.  And, third,

11   that when you distributed the child pornography, you knew

12   and believed the item was child pornography.

13         In count nine, the Government would be required to

14   prove the following elements:

15         That you knowingly possessed a book, magazine,

16   periodical, film, videotape, hard drive, computer disk, or

17   other material that contained items of child pornography

18   which depicted a prepubescent child or a child who had not

19   attained the age of 12; that when you possessed the item,

20   you believed the item to be child pornography.

21         And, fourth, that the child pornography was

22   mailed, shipped, or transported in interstate or foreign

23   commerce or was produced using materials that had been

24   mailed, shipped, or transported in interstate or foreign

25   commerce.

1            Do you have any questions about the elements of

2      the offenses that the Government would be obliged to prove

3      beyond a reasonable doubt in order for you to be convicted?

4            THE DEFENDANT:  No, sir, Your Honor, I don't.

5            THE COURT:  Now, the offenses with which you have

6      been charged, Mr. Graziotti, are punishable as follows:

7            Counts one through seven each carry a sentence of

8      not less than 15 years and not more than 30 years

9      imprisonment and/or a fine of not to exceed $250,000, a

10     term of supervised release of not less than 5 years up to a

11     maximum of life, and a special assessment of $100, which is

12     due on the date of sentencing.

13           Count eight carries a sentence of not less than

14     5 years and not more than 20 years in prison and/or a fine

15     of not to exceed $250,000, a term of supervised release of

16     no less than 5 years up to a maximum of life, and a special

17     assessment of $100, due at the time of sentencing.

18           Count nine carries a statutory maximum sentence of

19     20 years in prison and/or a fine not to exceed $250,000,

20     and a term of supervised release of not less than 5 years

21     up to a maximum of life, and a special assessment, again,

22     of $100 due at the time of sentencing.

23           The terms of imprisonment for each of counts one

24     through nine may be run consecutively for a combined

25     statutory maximum sentence of 250 years in prison.

 1              In addition to or in lieu of other penalties, the

 2      Court will order the defendant to make restitution to any

 3      victim of the offense of conviction pursuant to the

 4      provisions of Title 18, United States Code, Section 2259.

 5              There's also a forfeiture provision, and there

 6      will be assets that are subject to forfeiture.

 7              And that includes, I'm presuming, Miss Gable,

 8      predominantly the camera and computer equipment involved in

 9      the commission of the offense; is that correct?

10              MS. GABLE:  That is correct, Your Honor.

11              THE COURT:  And I think I saw yesterday the

12      Government filed a preliminary motion for forfeiture.

13              MS. GABLE:  Yes, we did, docket 30, Your Honor.

14              THE COURT:  Thank you.

15              You will also be obliged to comply with the Sex

16      Offender Registration and Notification Act.

17              Do you have any questions about those penalties to

18      which you're exposed in connection with your plea this

19      morning, Mr. Grazzioti?

20              THE DEFENDANT:  No, Your Honor, I do not.

21              THE COURT:  All right.  Miss Parrott, have I

22      accurately described the penalties that Mr. Graziotti has

23      been exposed to in connection with his change of plea this

24      morning?

25              MS. PARROTT:  Yes, you have, Your Honor.

```
1              THE COURT:  And, Miss Gable, from the Government's

2   perspective, have I accurately described the penalties?

3              MS. GABLE:  Yes, Your Honor.

4              THE COURT:  Any questions about anything I've

5   covered to this point, Mr. Graziotti?

6              THE DEFENDANT:  No, Your Honor.

7              THE COURT:  Mr. Graziotti, how do you plead, sir,

8   guilty or not guilty to counts one, two, three, four, five,

9   six, seven, eight, and nine of the indictment?

10             THE DEFENDANT:  Guilty, Your Honor.

11             THE COURT:  Are you pleading guilty because you

12  are guilty?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  And do you now admit that you

15  committed the acts set forth in counts one through nine of

16  the indictment?

17             THE DEFENDANT:  I do.

18             THE COURT:  Is your plea entered with an

19  understanding of what you're doing here today?

20             THE DEFENDANT:  Yes, sir, Your Honor.

21             THE COURT:  All right.  Mr. Graziotti, I want you

22  to listen carefully.  I'm going to ask Miss Gable to read

23  into the record the facts which the Government contends

24  that they would be able to prove if your case were to go to

25  trial.
```

1        When she finishes, I'm going to ask you whether or

2   not that's what you did.  I'm going to ask you whether you

3   have any objection or disagreement with any of those facts.

4   If you do, you need to tell me about them this morning

5   because you won't be able to argue those facts at the time

6   of your sentencing.

7        Understood?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Also, the probation office will use

10  those facts as part of the presentence report that will be

11  prepared and will be instrumental in determining what

12  guidelines apply to your case as far as the United States

13  Sentencing Commission is concerned.

14       Understood?

15       THE DEFENDANT:  Yes, sir.

16       THE COURT:  All right.  Miss Gable, would you come

17  to the podium and let me have the facts the Government

18  would contend that it could prove beyond a reasonable doubt

19  if this case were to go to trial.

20       MS. GABLE:  Yes, Your Honor.

21       The Government would prove the following beyond a

22  reasonable doubt:

23       Starting first with count eight, distribution of

24  child pornography, the Government would prove the

25  following:

1      On May 19 of 2014, an FBI agent acting in an

2  undercover capacity on a file-sharing network queried his

3  network of friends and observed that an individual using

4  the screen name Enchanted_one, later identified as the

5  defendant, Matthew C. Graziotti --

6      THE COURT:  Slow up a little bit so that

7  Miss First doesn't have to work so hard to keep up with

8  you.

9      MS. GABLE:  -- was logged into the network.

10      Previously, Mr. Graziotti had accepted the

11  undercover agent's screen name into his network thus

12  providing the agent access to his shared folders.

13      This particular file-sharing program requires

14  users to select the folders and files that they want to

15  share and to select the users with whom they want to share

16  their computer files.  The file-sharing program also has a

17  chat function that enables users to communicate with each

18  other.

19      Mr. Graziotti was sharing five folders titled HC,

20  vids, boys files, boys, and girls.  And he restricted

21  access to the first two folders with a password.

22      The agent viewed the images that Mr. Graziotti was

23  sharing in the three folders that he did not password

24  protect and observed images showing the sexual abuse and

25  exploitation of mostly prepubescent children.

1              The agent downloaded approximately 141 images and

2    6 videos of child pornography directly from Mr. Graziotti

3    including 3 images depicting the sexual abuse of two

4    prepubescent boys and a prepubescent girl engaged in sexual

5    acts.

6              During a chat, Mr. Graziotti gave the agent the

7    password to the two password-protected folders, and the

8    agent also saw child pornography images in these folders.

9              According to Mr. Graziotti's user profile, he had

10   been a member of the file-sharing network since March 21 of

11   2008.

12             The agent obtained the IP address of the computer

13   that Mr. Graziotti used to distribute the child pornography

14   and traced the IP address to Mr. Graziotti's residence.

15             On July 14 of 2014, law enforcement agents

16   executed a search warrant at Mr. Graziotti's residence

17   located in Edgewater, Florida.  The agents located

18   Mr. Graziotti's HP Pavilion laptop computer in the living

19   room and saw that the file-sharing program was installed

20   and running on the computer.

21             Mr. Graziotti, using the screen name

22   Enchanted_one, was in the process of both uploading, that

23   is, distributing child pornography files to other users;

24   and downloading, that is, receiving child pornography files

25   from other users.

1           A forensic examiner conducted a preliminary

2    examination of the laptop computer and determined that

3    Mr. Graziotti had 263 contacts or friends in his network

4    and that he was sharing the folders titled boys files;

5    boys; girls; HC, with a locked symbol on the folder icon;

6    and vids, with a lock symbol on the folder icon.

7           Graziotti also had categorized his contacts as no

8    share; nshare some; cut off; female; and other friends,

9    trust.

10          Graziotti stored and traded his child pornography

11   on two separate drives on the laptop, and he had encrypted

12   both of these drives.

13          As to count nine, the Government would prove the

14   following:

15          A forensic examiner completed a full examination

16   of Mr. Graziotti's laptop computer and determined that

17   Mr. Graziotti possessed thousands of photographs and videos

18   depicting the sexual abuse and exploitation of children,

19   many who were prepubescent or who had not attained the age

20   of 12 years.

21          One of the files is described as follows:  A

22   six-minute video of an adult male raping a prepubescent

23   boy.

24          The National Center for Missing & Exploited

25   Children has advised that agents have previously identified

```
 1   the children abused in 6,780 photographs and 161 videos

 2   that Mr. Graziotti possessed on his computer.

 3            All of these images were transported in interstate

 4   or foreign commerce.

 5            The examiner also located chat conversations

 6   between Mr. Graziotti and other users on the file-sharing

 7   network that Mr. Graziotti used to distribute and receive

 8   child pornography.

 9            In one chat conversation, Mr. Graziotti stated

10   that he liked child pornography images depicting boys

11   between the ages of 6 and 12 years.  And in another

12   conversation, Mr. Graziotti stated that he liked images

13   showing boys between the ages of 7 and 11 years old.

14            The Government would prove the following:

15            As to counts one through seven and nine, sexual

16   exploitation of a child and possession of child

17   pornography:

18            The examiner also located a folder on

19   Mr. Graziotti's computer which Mr. Graziotti titled

20   personally known.

21            This folder contained the photographs and videos

22   of 29 children whom Mr. Graziotti had sexually abused when

23   they were 12 years or younger.  Mr. Graziotti performed

24   sexual acts and/or had sexual contact with the children as

25   defined by federal statute.
```

1          The images depict Mr. Graziotti performing sex

2     acts on each child victim and/or lascivious depictions of

3     the child's naked genitals.

4          Mr. Graziotti stored the sexually explicit images

5     that he produced in subfolders bearing each child's name.

6     And he produced these images during the period 2010 through

7     2014.

8          Mr. Graziotti knew these children through his

9     positions as an elementary school teacher, director of a

10    summer camp, youth pastor, and coach of youth sports.

11         The EXIF data associated with each sexually

12    explicit image revealed the date that Mr. Grazzioti

13    produced the image and the device he used to produce it.

14         Mr. Graziotti recorded the abuse using one of the

15    following:  A Canon PowerShot digital camera, which was

16    manufactured in China; a Nikon Coolpix digital camera,

17    which was manufactured in Indonesia; an HTC cellular

18    smartphone, which was manufactured in Taiwan; and a Casio

19    Exilim digital camera, which was manufactured in China.

20         Law enforcement officers located and seized all of

21    these devices from Mr. Graziotti's residence during the

22    execution of the search warrant.  Each of these devices was

23    manufactured overseas and entered the United States in a

24    state other than Florida.

25         As to count one, the Government would prove that

1    on August 1 of 2010, Graziotti sexually abused victim one

2    and recorded the abuse using the Casio digital camera.

3    Victim one was six years old at the time of the sexual

4    assault.

5            In the images, the victim appears to be asleep

6    beside another sleeping child in Mr. Graziotti's bed.

7    Mr. Graziotti is visible in one or more of the photographs

8    performing sex acts on the sleeping child.

9            Mr. Graziotti produced sexually explicit images of

10   victim one on three additional days between August 28 of

11   2010 and July 29 of 2012.

12           As to count two, the Government would prove that

13   on March 5 of 2011, Mr. Graziotti sexually abused victim

14   two who was seven years old at the time and used a Canon

15   PowerShot digital camera to record the abuse.

16           And the victims -- the victim appears to be asleep

17   beside another sleeping child in Mr. Graziotti's bed.

18   Mr. Graziotti is visible in one or more of the photographs

19   performing sex acts on the sleeping child.

20           Mr. Graziotti produced sexually explicit images of

21   victim two on seven additional days during the period

22   December 27 of 2010 through December 25 of 2013.

23           As to count three, the Government would prove that

24   on June 8 of 2012, Mr. Graziotti sexually abused victim

25   three on a bus while the child was cradled and sleeping in

```
 1    Mr. Graziotti's arms.  Victim three was six years old at
 2    the time of the abuse.
 3              Mr. Graziotti used his HTC smartphone to produce
 4    sexually explicit images of the child.  Mr. Graziotti is
 5    visible in one or more of the photographs engaging in
 6    sexual contact with the sleeping child.
 7              The geolocation data associated with the
 8    photographs shows that the bus was traveling on I-4 east
 9    through Orange and Volusia Counties, Florida, at the time
10    Mr. Graziotti produced the sexually explicit images of the
11    minor child.
12              As to count four, the Government would prove that
13    on July 29 of 2012, Mr. Graziotti sexually abused victim
14    four who was six years old and produced sexually explicit
15    images using his Canon PowerShot digital camera.  The
16    images were produced over a period of 36 minutes.
17              Mr. Graziotti abused the child while the child
18    appeared to be asleep on Mr. Graziotti's living room couch.
19    And Mr. Graziotti is visible in one or more of the
20    photographs performing sex acts on the child.
21              As to count five, the Government would prove that
22    on March 22 of 2013, Mr. Graziotti sexually abused victim
23    five -- he was nine years old at the time -- and produced
24    sexually explicit photographs using his Canon PowerShot
25    digital camera.  Graziotti abused the child while the child
```

1    appeared to be asleep on his living room couch.

2          Mr. Graziotti is visible in one or more of the

3    photographs performing sex acts on the child.  In addition,

4    Mr. Grazzioti produced the video of the sexual assault.

5          Mr. Graziotti also produced sexually explicit

6    images of victim five on October 16 of 2012.

7          As to count six, the Government would prove that

8    on June 7 of 2013, Mr. Graziotti sexually abused victim six

9    and used a Canon digital camera to record the abuse.

10    Victim six was ten years old at the time of the abuse.

11          Mr. Graziotti assaulted the child while the child

12    appeared to be asleep at Mr. Graziotti's house.

13    Mr. Graziotti is visible in one or more of the photographs

14    performing sex acts on the child.

15          Mr. Graziotti also produced sexually explicit

16    images of the child on 17 additional days during the period

17    from July 28 -- or I'm sorry, January 28, 2012, through

18    May 5 of 2014.

19          As to count seven, the Government would prove that

20    on May 3 of 2014, Mr. Graziotti sexually abused victim

21    seven and used a Nikon digital camera to record the abuse.

22    Victim seven was 11 years old at the time of the abuse.

23          Mr. Graziotti assaulted the child while the child

24    appeared to be asleep on Mr. Graziotti's living room couch.

25    Mr. Graziotti is visible in one or more of the photographs

1    engaging in sexual contact with the sleeping child.

2            Mr. Graziotti also produced sexually explicit

3    images of the child on June 16, 2012, using the Canon

4    digital camera.

5            THE COURT:  Thank you, Miss Gable.

6            Mr. Graziotti, is that what you did?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Do you admit that all the elements

9    that are contained in the Government's factual basis are

10   true and accurate as they pertain to you?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  On or about the dates described in the

13   indictment, did you knowingly engage the child described in

14   each of the counts in sexually explicit conduct?

15           THE DEFENDANT:  I did, Your Honor.

16           THE COURT:  And did you engage the children in

17   sexually explicit conduct for the purpose of producing

18   sexually explicit images of the conduct?

19           THE DEFENDANT:  I did, Your Honor.

20           THE COURT:  Did you use one of the following

21   devices to produce the images:  A Canon PowerShot SX130 IS

22   digital camera, a Nikon Coolpix S9700 digital camera, an

23   HTC cellular smartphone, or a Casio EX-Z57 Exilim digital

24   camera?

25           THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  On or about May 19 of 2014 in Volusia

2     County, Florida, did you distribute items or images of

3     child pornography using a file-sharing program?

4          THE DEFENDANT:  I did, Your Honor.

5          THE COURT:  Did you use your computer to

6     distribute child pornography over the Internet?

7          THE DEFENDANT:  I did, Your Honor.

8          THE COURT:  When you distributed the images, did

9     you believe that they were child pornography?

10          THE DEFENDANT:  I did, yes, sir.

11          THE COURT:  On or about July 14, 2014, in Volusia

12     County, did you possess images of child pornography?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Did you use your computer to receive

15     images of child pornography over the Internet?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Did you also produce some of these

18     images using one of the following:  A Canon PowerShot

19     SX130 IS digital camera, a Nikon Coolpix S9700 digital

20     camera, an HTC cellular smartphone, or a Casio EX-Z57

21     Exilim digital camera?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  When you possessed those images, did

24     you believe they were child pornography?

25          THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Did you possess images of child

2    pornography depicting prepubescent children, that is

3    children who had not attained the age of 12?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  All right.  I find that there is a

6    factual basis for the plea.

7          Mr. Graziotti, is your plea freely and voluntarily

8    made this morning?

9          THE DEFENDANT:  Yes, sir, Your Honor.

10          THE COURT:  Is it your own independent decision to

11    plead guilty?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Has anyone threatened you, forced you,

14    coerced you, or intimidated you in any way in order to

15    persuade you to plead guilty?

16          THE DEFENDANT:  No, Your Honor.

17          THE COURT:  Has anyone made any promises to you or

18    given you any assurances of any kind in order to persuade

19    you to plead guilty?

20          THE DEFENDANT:  No, Your Honor.

21          THE COURT:  Are you relying upon any agreements,

22    promises, or understandings with anyone with respect to the

23    sentence that will be imposed in order to persuade you to

24    plead guilty?

25          THE DEFENDANT:  No, Your Honor.

1          THE COURT:  And as you sit here today, do you know

2   what sentence you will receive?

3          THE DEFENDANT:  No, sir, Your Honor, I do not.

4          THE COURT:  Has anyone ever promised you that

5   you'll be lightly sentenced or otherwise rewarded for

6   pleading guilty?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  All right.  Miss Parrott, as counsel

9   for Mr. Graziotti, can you assure the Court that as far as

10  you know there have been no promises, assurances, or

11  understandings given to him as to a disposition of his

12  case?

13         MS. PARROTT:  That is correct, Your Honor.

14         THE COURT:  All right.  And, Miss Gable, can you

15  likewise assure the Court that there have been no

16  assurances, promises, or understandings given to

17  Mr. Graziotti?

18         MS. GABLE:  Yes, Your Honor.

19         THE COURT:  All right.  Thank you.

20         Miss Parrott, have you represented Mr. Graziotti

21  from the outset?

22         MS. PARROTT:  Yes, I have.

23         THE COURT:  And have you communicated to him any

24  discussions that you've had with the Government with

25  respect to a resolution of his case by plea?

1          MS. PARROTT:  Yes, I have.

2          THE COURT:  Mr. Graziotti, you're represented by

3   Angela Parrott of the federal defender's office.  Have you

4   talked to her and told her everything that you know about

5   the facts and circumstances of the case so that she can do

6   the best job possible in defending you?

7          THE DEFENDANT:  I have, Your Honor.

8          THE COURT:  Are you satisfied with your lawyer and

9   the way that she's represented you?

10         THE DEFENDANT:  Yes, sir, I am.

11         THE COURT:  Do you have any complaints whatsoever

12  about your representation?

13         THE DEFENDANT:  I do not, Your Honor.

14         THE COURT:  Do you have any complaints about the

15  way you've been treated by the Court, or anyone else for

16  that matter, that's influenced you in your decision to

17  plead guilty?

18         THE DEFENDANT:  No, Your Honor, I do not.

19         THE COURT:  Has anyone coached you or suggested

20  that you answer my questions this morning untruthfully?

21         THE DEFENDANT:  No, Your Honor.

22         THE COURT:  And have you told the truth today?

23         THE DEFENDANT:  Yes, Your Honor, I have.

24         THE COURT:  And do you understand and appreciate

25  the rights and procedures that you waive and give up by

1    pleading guilty?

2              THE DEFENDANT:  I do, Your Honor.

3              THE COURT:  Having heard everything that's

4    transpired, do you still wish to enter a plea of guilty to

5    counts one through nine of the indictment?

6              THE DEFENDANT:  Yes, Your Honor, I do.

7              THE COURT:  All right.  Miss Gable, is the

8    Government satisfied with the colloquy?

9              MS. GABLE:  Yes, Your Honor.

10             THE COURT:  Miss Parrott, is the defense satisfied

11   with the colloquy?

12             MS. PARROTT:  Yes, Your Honor.

13             THE COURT:  Miss Parrott, are you satisfied that

14   Mr. Grazzioti understands what he's charged with, that he

15   appreciates the consequences of entering his plea, and he's

16   doing so freely and voluntarily, of his own volition, and

17   you have had all the time that you need to advise him and

18   counsel him with respect to this decision?

19             MS. PARROTT:  Yes, Your Honor.

20             THE COURT:  All right.  Mr. Graziotti, I find that

21   you are now alert and intelligent, that you understand the

22   nature of the charges against you and the possible

23   penalties, that you appreciate the consequences of pleading

24   guilty.

25             I also find that the facts the Government is

1    prepared to prove and which by your plea of guilty you

2    admit state all the essential elements of the offenses to

3    which you've entered your plea.

4         I further find that your decision to plead guilty

5    is freely, voluntarily, knowingly, and intelligently made

6    and that you've had the advice and counsel of a competent

7    lawyer with whom you say you are satisfied.

8         Do you agree with those findings, Mr. Grazzioti?

9         THE DEFENDANT:  Yes, Your Honor.

10        THE COURT:  All right.  I accept your plea of

11   guilty and do adjudicate you guilty of the offenses.

12        I'm going to set your sentencing for Monday,

13   January 26 at 2:15 in the afternoon.

14        And, Miss Parrott and Miss Gable, if either of you

15   have anything that you want me to consider in written form,

16   I need to have that at least seven days prior to the

17   26th.

18        Mr. Graziotti, as I've alluded to before, a

19   presentence report will be prepared by the probation office

20   to assist me in sentencing you.

21        You'll be required to furnish some information to

22   them in connection with the preparation of that report.

23   Before I pronounce my sentence, you'll be given an

24   opportunity through your lawyer to bring to my attention

25   any objections that you have to anything that's contained

```
 1    in the presentence report or the way that the probation

 2    office computed your guideline sentence.

 3            The only thing you won't be able to object to are

 4    the facts which you've agreed to this morning.

 5            Understood?

 6            THE DEFENDANT:  Yes, Your Honor.

 7            THE COURT:  Miss Parrott will continue to

 8    represent you throughout that process as well as at your

 9    sentencing.

10            You'll also be given an opportunity if you wish to

11    avail yourself of it to address the Court directly at the

12    time of your sentencing before I impose sentence.

13            Anything further from the Government, Miss Gable?

14            MS. GABLE:  No, Your Honor.  Thank you.

15            THE COURT:  Anything further from the defense,

16    Miss Parrott?

17            MS. PARROTT:  No, Your Honor.

18            THE COURT:  All right.  Then we'll be in recess.

19            And I'll take up my Witchard case as soon as the

20    lawyers get back in position and I get some information

21    downstairs from the jury clerk as to where our jurors are.

22            MS. PARROTT:  Thank you.

23            (Proceedings adjourned at 9:22 a.m.)

24

25
```

1               C E R T I F I C A T E

2

3          I certify that the foregoing is a correct

4     transcript from the record of proceedings in the

5     above-entitled matter.

6

7     s\Amie R. First, RMR, CRR

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25